IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| W.S. INTERNATIONAL, LLC, | : | CIVIL ACTION |
| Plaintiff | : | |
| | : | |
| vs. | : | NO 11-3014 |
| | : | |
| M. SIMON ZOOK, CO. d/b/a | : | |
| THE ZOOK MOLASSES CO., et al, | : | |
| Defendants | : | |

**M E M O R A N D U M**

**STENGEL, J.**                                                                        February 20, 2013

   The defendants have moved for reconsideration of my January 28, 2013 Memorandum and Order which granted the plaintiff's motion to transfer, granted the plaintiff's motion for leave to file a second amended complaint, denied without prejudice the defendants' request for additional interrogatories and reimbursement of costs, and denied without prejudice the plaintiff's motion to vacate my Order which denied the plaintiff's motion for preliminary injunction. The defendants also filed a motion to stay the transfer pending the disposition of their motion for reconsideration. For the following reasons, I will deny both motions.

   Pursuant to Rule 59(e) and Rule 60(b) of the Federal Rules of Civil Procedure, the defendants move for reconsideration of that Order except as to the Order's resolution of the plaintiff's motion for leave to file a second amended complaint. They argue that "the court made a clear error of law or fact with respect to its decision on the transfer motion, both the grant of that motion and the denial, *without* prejudice, of the vacate motion." (Emphasis in original). Specifically, the defendants argue that I misunderstood them and

that I erroneously construed the Confidentiality Agreement attached to the proposed second amended complaint as a "new" document not opposed by the defendants. They further insist that I committed error by denying the plaintiff's motion to vacate without prejudice because the denial was based upon the incorrect granting of the motion to transfer. Finally, the defendants argue that I committed error by ignoring all of the other reasons set forth in Document #70 which they incorporated by reference in their motion for reconsideration. I do not agree.

Granting a motion for reconsideration is appropriate "if the party seeking reconsideration shows at least one of the following grounds: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court granted the motion . . .; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999) (citing N. River Ins. Co. v. CIGNA Reins. Co., 52 F.3d 1194, 1218 (3d Cir. 1995)); see also Cont'l Cas. Co. v. Diversified Indus., Inc., 884 F. Supp. 937, 943 (E.D. Pa. 1995) (because federal courts have a strong interest in the finality of judgments, motions for reconsideration should be granted sparingly). Rule 59(e) allows a party to file a "motion to alter or amend a judgment." Rule 60(b)(1) provides that a "court may relieve a party or its legal representative from a final judgment, Order, or proceeding for mistake, inadvertence, surprise or excusable neglect."

In its unopposed motion for leave to file a second amended complaint which was granted, the plaintiff attached a Confidentiality Agreement signed by the defendants. The plaintiff also incorporated some of the Confidentiality Agreement's provisions into the

2

proposed second amended complaint. Those provisions alleged that the parties had entered into a Confidentiality Agreement in October 2008, that all disputes would be litigated in the state or federal courts of Illinois, and that the agreement would be construed and enforced in accordance with Illinois law:

> 28. In or around mid-October, 2008 Zook and WSI entered into a confidentiality agreement ("Confidentiality Agreement") whereby Zook agreed not to use or disclose any proprietary information received as a result of the relationship. (A true and correct copy of the "Confidentiality Agreement" is attached hereto as Exhibit "A").
>
> 29. Pursuant to paragraphs 6 and 7 of the Confidentiality Agreement, any and all claims or disputes regarding the Agreement, the rights and remedies of the parties, and all related actions or counterclaims shall be litigated in the state or federal courts of Illinois, and the Confidentiality Agreement will be construed and enforced in accordance with Illinois law.

See Second Am.Compl. ¶¶ 28-29. The clear fact is that the defendants objected neither to the motion for leave to file a second amended complaint, nor specifically to Paragraphs 28 and 29. See Max's Seafood Café, 176 F.3d at 677 (granting a motion for reconsideration is appropriate if the movant shows the need to correct a "clear error of law or fact" or to prevent manifest injustice). Instead, they agreed to the second amended complaint's filing, then chose to take the opportunity to ask for more discovery and to seek costs.

There was no confusion that the Confidentiality Agreement was "new." What was new, however, were the paragraphs in the second amended complaint that indicated that all disputes would be litigated in the state or federal courts of Illinois, and that the

3

agreement would be construed and enforced in accordance with Illinois law. Nowhere in their response do the defendants argue that the document attached to the proposed second amended complaint was not the controlling Confidentiality Agreement. Likewise, instead of objecting to Paragraphs 28 and 29 of the proposed second amended complaint, they agreed to that document's filing. Under these circumstances, it is more than a little disingenuous to argue that the court erred in assuming that the defendants had no objection to the proposed second amended complaint and the attached Confidentiality Agreement. If the defendants had such objections to the second amended complaint and its attachments, they had a duty to make them when the matter was ripe before the court. Having failed in its first effort to persuade the court to deny the motion to transfer, the defendants simply tried again by blaming the court for their own lack of diligence. It is inappropriate to use a motion for reconsideration as an attempt at a "second bite at the apple." Bhatnagar by Bhatnagar v. Surrendra Overseas, 52 F.3d 1220, 1231 (3d Cir. Pa. 1995) (re-argument should not be used as a means to argue new facts or issues that inexcusably were not presented to the court in the matter previously decided). Thus, I must agree with the plaintiff that if a mistake was made, it was made by the defendants.

In granting the motion to transfer, I relied upon the forum selection clause in the Confidentiality Agreement attached to the second amended complaint. I noted that the defendants had signed the Confidentiality Agreement attached to the second amended complaint and that they did not disavow the Confidentiality Agreement. I do not agree that the court erred in its Memorandum and Order,

such that the transfer to the Northern District of Illinois should not stand as previously entered.

Accordingly, because there was no intervening change in the controlling law, no new evidence presented, or no clear error of law or fact in my previous Memorandum and Order, I will deny the defendants' motion for reconsideration. Likewise, I will deny the defendants' motion for a stay of the transfer as moot.

An appropriate Order follows.